IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | Criminal No. 3:07-CR-359-D |
| | § | |
| ANTONIO DESMOND STONE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

A jury convicted defendant Antonio Desmond Stone ("Stone") of the offenses of conspiracy to commit bank fraud and aggravated identity theft, in violation of 18 U.S.C. § 371; bank fraud, in violation of 18 U.S.C. § 1344; and aggravated identity theft, in violation of 18 U.S.C. § 1028A. Stone testified during the trial. Because the court finds that he committed perjury during his testimony, the court directs the probation officer to add a two-level increase to the advisory guideline offense level for obstruction of justice, and it enters these tentative findings in support of this determination.

I

U.S.S.G. § 3C1.1 provides that the offense level shall be increased two levels if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the . . . prosecution . . . of the instant offense . . . ." "Though the court may not penalize a defendant for denying his guilt as an exercise of his constitutional rights, a sentence may be enhanced if the defendant commits perjury." *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (citing *United States v. Laury*, 985 F.2d 1293, 1308 (5th Cir.1993)). Under the Sentencing Guidelines, the court is required to enhance a sentence upon a proper determination that the accused

committed perjury at trial. *United States v. Humphrey*, 7 F.3d 1186, 1191 (5th Cir. 1993) ("If the district court finds that [the defendant] did commit perjury, it must impose a two-level enhancement of his sentence."); *United States v. Butler*, 988 F.2d 537, 544 (5th Cir. 1993).[1]

According to the application notes, this enhancement applies to "committing, suborning, or attempting to suborn perjury." U.S.S.G. § 3C1.1, comment n. 4(b) (Nov. 1, 2007 Manual). Federal law defines perjury as giving false testimony concerning a material matter with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. *See United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)). Nevertheless, "not every accused who testifies at trial and is convicted will incur an enhanced sentence under § 3C1.1 for committing perjury." *Dunnigan*, 507 U.S. at 95. Because there are reasons why a defendant may testify falsely without committing perjury, *see* U.S.S.G. § 3C1.1, comment n. 2 (Nov. 1, 2007 Manual), "if a defendant objects to a sentence enhancement resulting from her trial testimony, a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction of justice, or an attempt to do the same, under the perjury definition [the Supreme Court has] set out." *Dunnigan*, 507 U.S. at 95. "[I]t is preferable for a district court to address each element of the alleged perjury in a separate and clear finding." *Id.*; *United States v. Como*, 53 F.3d 87, 89 (5th Cir. 1995) (preferred course is to make clear finding on each element of the alleged perjury). "The district court's determination that enhancement is required is sufficient, however, if . . . the court makes a finding of an obstruction of, or impediment

---

[1] The court recognizes that the Guidelines are advisory. But "a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range," and "the Guidelines should be the starting point and the initial benchmark." *Gall v. United States*, ___ U.S. ___, 128 S. Ct. 586, 596 (2007).

to, justice that encompasses all of the factual predicates for a finding of perjury." *Dunnigan*, 507 U.S. at 95.

Factual determinations at sentencing are made according to U.S.S.G. § 6A1.3. "[T]he court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information had sufficient indicia of reliability to support its probable accuracy." *United States v. Bermea*, 30 F.3d 1539, 1576 (5th Cir. 1994). The preponderance of the evidence standard applies to such determinations. *See United States v. Mergerson*, 995 F.2d 1285, 1291 (5th Cir. 1993) (holding that it is well established in this circuit that as a general matter the burden of proof at sentencing is by a preponderance of the evidence).

II

The court enters these tentative findings in support of its determination that Stone committed perjury during his trial testimony.

Using a preponderance of the evidence standard, and based upon the evidence adduced at trial, including defendant Stone's testimony, the court finds that at least the following testimony constituted (1) false testimony by Stone, (2) given under oath at trial, (3) concerning a material matter, (4) that Stone did not believe to be true, and (5) that he gave with the willful intent to provide false testimony rather than as a result of confusion, mistake, or faulty memory. The court finds that Stone gave this testimony willfully to obstruct or impede, or attempt to obstruct or impede, the administration of justice during the prosecution of the instant offense.

The testimony on which the court bases the perjury enhancement is as follows:

(1) that he did not drive Natasha McGruder to Kroger on March 31, 2007;

(2) that he does not know Williana Johnson;

(3) that he did not coordinate with Williana Johnson regarding getting Natasha McGruder to make a phone call to change account information on M____ K___'s[2] account;

(4) that he did not ever meet Williana Johnson, that he never laid eyes on her, that he never met her at a corner grocery store, and that the only time he saw her was at the trial;

(5) that he never met Meoshia Guidry and did not know her;

(6) that he did not do any of the things that Natasha McGruder said he did;

(6) that Williana Johnson lied when she stated that Stone told her at a party that he does counterfeit checks;

(7) that Williana Johnson made up her statement that Stone helped her with the A_____ P_____[3] account; and

(8) that he had nothing to do with the fraud with counterfeit checks of Williana Johnson, Natasha McGruder, Meoshia Guidry, Eddie Davis, and Brandon Francis.

---

[2]To protect the privacy of this crime victim, the court is using her initials in this memorandum opinion and order. She was identified by name during the trial.

[3]*See supra* note 2.

III

Any objections to these tentative findings must be filed in writing no later than the deadline previously set in the sentencing scheduling order for filing objections to the presentence report.

**SO ORDERED**.

July 15, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE