IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:07-CR-359-D(1) |
| VS. | § | |
| | § | |
| ANTONIO DESMOND STONE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM

This matter is before the court on the request of Frank Shor, Esquire ("Shor"), attorney for defendant Antonio Desmond Stone ("Stone"), for compensation in excess of the statutory maximum imposed by the Criminal Justice Act of 1964. In CJA Voucher No. 081126000056, Shor requests compensation in the amount of $13,009.39 (as adjusted by the Clerk of Court), consisting of $12,914.80 in attorney's fees and $94.59 in expenses. As required by 18 U.S.C. § 3006A(d)(3), the court certifies that Shor provided representation in an extended case, and it issues this memorandum containing its recommendations and a detailed statement of reasons for certifying that the amount of excess payment is necessary to provide fair compensation.

By the terms of 18 U.S.C. § 3006A(d)(3), in a felony case, compensation above the maximum of $7,000 prescribed in 18 U.S.C. § 3006A(d)(2) is allowable if the court certifies that it is necessary to provide fair compensation "for extended or complex representation." The Chief Judge of the circuit, or an active circuit judge to whom such authority has been delegated, must also approve the payment. There are two preconditions to excess compensation. First, the claim must be for representation that is *either* extended or complex. Second, the payment of excess compensation must be necessary to provide fair compensation.

## I. Was the Representation Extended/Complex?

Representation means reasonably competent and productive effort by the attorney on behalf of his client and excludes bumbling and wasteful activity. Extended representation is protracted representation—a substantial investment of time. Complex representation refers to the intricacies of the case and its corresponding call on counsel's intellectual resources. *United States v. Bailey*, 581 F.2d 984, 987 (D.C. Cir. 1978). As earlier stated, the representation may either be extended or complex; it need not be both.

The court finds that the representation in this case was extended. Shor was appointed to represent Stone on December 5, 2007, and he represented him through sentencing on September 19, 2008. The case against Stone involved seven counts and was tried to a jury over a four-day period beginning June 16 and ending June 19, 2008.

## II. Is Excess Compensation Necessary to Fair Compensation?

In its original form, § 3006A confined excess compensation to cases involving "extraordinary circumstances." This requirement was deleted when Congress changed the section to liberalize compensation awards and thereby alleviate the burden on the bar of representing indigents accused of crime. *Id.* at 988. The purpose of the change was to guarantee indigents something more than the mere formal appointment of someone who just happens to be a lawyer. The goal was to assure legal assistance that is reasonably diligent, conscientious, and competent. According to Congressional intent demonstrated in the amendment to § 3006A, this purpose could be accomplished only by providing some financial "encouragement" to the practicing bar to participate broadly and enthusiastically in the defense of indigent criminal defendants. *Id.* at 989 n.38. The attorney's efforts here were consonant with that intent.

While the court recognizes that § 3006A anticipates some sacrifice on the part of the bar in exchange for the privilege of practicing before this court in this district, *see United States v. Farley*, 565 F. Supp. 71, 72 (E.D. Wis. 1983), the sacrifice is fulfilled in this case by the less-than-prevailing hourly rates set by § 3006A(d)(2). Section 3006A(d)(2) appears to be premised on the assumption that in almost all cases members of the bar will be called upon to sacrifice equally. Here, the sacrifice is far from equal to that normally made by appointed counsel.

Accordingly, pursuant to 18 U.S.C. § 3006A(d)(3), the court certifies that the representation provided by Shor was in an "extended" case and that compensation beyond the maximum of $7,000 is necessary to fairly compensate him for the services he rendered in this action. The court approves the attorney's request for fees in excess of the statutory maximum and enters this memorandum of reasons supporting the certification of $12,914.80 in attorney's fees and $94.59 in expenses.

December 5, 2008.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE