IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Criminal No. 3:07-CR-359-D(01) |
| VS. | § | |
| | § | |
| ANTONIO DESMOND STONE, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
AND ORDER

Defendant Antonio Desmond Stone ("Stone"), who was convicted in 2008 following a jury trial for the offenses of conspiracy to commit bank fraud, aggravated identity theft, and bank fraud, and maintains that he has completed his sentence, has written a letter requesting that the court restore his gun rights or direct him how to proceed to get his gun rights restored. He says in his letter that he has talked with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and the Federal Bureau of Investigation and was told to go through the court that sentenced him. Stone maintains that, since his release (his term of supervised release was revoked in 2018), he has been a productive citizen with no criminal activity, he is restarting his business in the trucking industry, he has a family that includes his wife and several children, and he would like to protect his family by legally possessing a firearm.

The court is unable at this time to grant Stone the relief he seeks. A convicted federal felon may seek to reinstate his firearm privileges by filing an application under 18 U.S.C. § 925(c). Unless an application is denied by ATF, however, the court is precluded from reviewing the application under § 925(c). *See United States v. Bean*, 537 U.S. 71, 75-76 (2002) (finding Congress has withheld funds to implement § 925(c) since 1992, but concluding "an actual adverse action on

the application by ATF is a prerequisite for judicial review"); *Drake v. United States*, 538 Fed. Appx. 584, 584 (5th Cir. 2013) (per curiam) (concluding that district court lacked jurisdiction to review application for relief from disability related to firearm ownership because no application was filed under § 925(c)); *United States v. McGill*, 74 F.3d 64, 68 (5th Cir. 1996) (holding that Congress had suspended § 925(c) relief for individuals seeking to reinstate their firearm privileges).

Accordingly, Stone must pursue his request by filing the proper application with ATF. The court cannot conduct judicial review unless and until ATF denies his application. Treating the letter as a motion, the motion is denied.

**SO ORDERED**.

July 29, 2020.

                                         _____
                                         SIDNEY A. FITZWATER
                                         SENIOR JUDGE